**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

In re:

Richard Juarez Armenta,

    Debtor.

___

Priscilla Penera,

    Appellant,

vs.

Richard J. Armenta,

    Appellee.

CV 08-1966-PHX-JAT

**ORDER**

Pending before the Court is Appellant Priscilla Penera's ("Appellant") Opening Brief. (Doc. #5.) Appellee Richard J. Armenta ("Appellee") also filed an Opening Brief, (Doc. #7), to which Appellant filed a Reply Brief. (Doc. #8.) For the following reasons, the Court affirms the United States Bankruptcy Court for the District of Arizona's ("Bankruptcy Court") Order. (Doc. #6 at 122.)

**I.  BACKGROUND**

On April 17, 2008, Appellee filed a motion to reopen a 2005 bankruptcy case in order to determine the dischargeability of a debt that was the subject of a judgment obtained by Appellant in the Maricopa County Superior Court for a breach of contract action. (Doc. #6

at 1.) On April 24, 2008, the Bankruptcy Court ordered that the case be reopened. (*Id*. at 3.) On May 1, 2008, Appellee filed a Complaint to Determine the Dischargeability of a Debt. (*Id*. at 14.)

On August 20, 2008, Appellee filed a Motion for Summary Judgment alleging that the debt at issue was discharged. (*Id*. at 38.) On August 28, 2008, Appellant filed a cross-motion for summary judgment. (*Id*. at 60.) On October 14, 2008, the Bankruptcy Court granted Appellee's motion for summary judgment. (*Id*. at 122.) On November 18, 2008, Appellant filed this appeal.

## II. LEGAL STANDARD

The Court has jurisdiction over this case pursuant to 28 U.S.C.A. § 158(a), which provides that "district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1). This Court reviews the Bankruptcy Court's findings of fact under the clearly erroneous standard, and conclusions of law *de novo. In re Lazar,* 83 F.3d 306, 308 (9th Cir. 1996); *Granite State Ins. Co. v. Smart Modular Techs.,* 76 F.3d 1023, 1028 (9th Cir. 1996).

## III. ANALYSIS

Appellant makes three arguments as to why the Court should reverse the Bankruptcy Court's Order and determine the debt not discharged: the Bankruptcy Court erred in (1) re-opening Appellee's case to add a creditor; (2) refusing to consider the fraudulent issues presented relating to Appellee's bankruptcies; and (3) granting Appellee's Motion for Summary Judgment rather than determining the debt at issue to be an exception under 11 U.S.C. § 523(a)(2)(A). Because the Court's analyses of the second and third arguments overlap in their entirety, the Court will address them concurrently.

### A. The Bankruptcy Court Did Not Err in Re-opening the Case

Appellant argues that the Bankruptcy Court should not have re-opened the case to allow Appellee to add the name of a creditor because Appellee had intentionally omitted the creditor from his bankruptcy petition. As a preliminary matter, Appellee was not re-opening

the case in order to add an omitted creditor. Rather, he was requesting a determination of the dischargeability of the debt at issue. Re-opening a Chapter 7 no-assets, no-bar date case does not affect the dischargeability of a debt because a dischargeable debt will have already been discharged, and a non-dischargeable debt under § 523 will not have been discharged. *See In re Nielsen*, 383 F.3d 922, 926 (9th Cir. 2004). Therefore, Appellant's arguments that Appellee intentionally omitted the creditor have no bearing as to whether the case should be opened.

Moreover, the cases cited by Appellant (*In re Moran*, 456 F.2d 1030 (3rd Cir. 1972); *Allender v. Fields*, 800 N.E.2d 584 (Ind. Ct. App. 2003)) do not support her argument. *Allender* actually weakens her argument because the Indiana Court of Appeals, in that case, affirmed a decision to allow a creditor to be added. Furthermore, the Indiana Court of Appeals determined, under circumstances similar to these, that the debtor's debt was discharged and that the creditor's breach of contract action was consequently unenforceable. *Allender*, 800 N.E.2d at 586. *In re Moran* is distinguishable because it pertains to a Chapter 13 bankruptcy claim, which involves different implications as to dischargeability. *In re Moran*, 456 F.2d at 1030.

Appellant further argues that the Bankruptcy Court should not have re-opened the case because Appellee failed to plead his discharge as an affirmative defense in the breach of contract action and thus waived it as an affirmative defense. This argument fails because this case is independent of the breach of contract action, and Appellee is therefore not raising discharge in bankruptcy as an affirmative defense. Appellant may argue that, by not raising discharge in bankruptcy as an affirmative defense in the breach of contract action, Appellee waived the discharge altogether. This argument fails, however, because a discharge voids any judgment, regardless of whether the discharge was waived. 11 U.S.C. § 524(a)(1) ("A discharge . . . voids any judgment at any time obtained . . . whether or not discharge of such debt is waived.")

Moreover, the cases cited by Appellant (*Allender*, 800 N.E.2d at 584; *Morrison v. Mahoney*, 399 F.3d 1042 (9th Cir. 2005); *In re Adbox, Inc.*, 488 F.3d 836 (9th Cir. 2007); *McClellan v. Cantrell*, 217 F.3d 890 (7th Cir. 2000); *In re St. Laurent*, 991 F.2d 672 (11th Cir.

1993)) do not support her argument. *Allender*, *Morrison*, and *In re Adbox* are inapposite because they pertain to waiver of affirmative defenses, which is not the issue in this case. *McLellan* and *In re St. Laurent* do not have any relevance to the issue of whether to re-open a bankruptcy case. The cases support a policy argument that defrauders should not be able to benefit from their fraudulent actions, but this argument does not have any bearing on the issue at hand.

The Court therefore rejects Appellant's argument that the Bankruptcy Court erred in re-opening Appellee's bankruptcy case.

**B.     The Bankruptcy Court Did Not Err in Granting Appellee's Motion for Summary Judgment Rather than Determining That the Debt Was Excepted from Discharge or That the Discharge Should Be Revoked**

As a preliminary matter, there is some question as to whether raising claims of non-dischargeability in a response to an adversary's Complaint to Determine the Dischargeability of a Debt is procedurally sufficient. If it is, then the Court can determine whether the debt at issue was excepted from discharge. If it is not procedurally sufficient, then Appellant's claim fails because at no point has she filed an adversarial proceeding alleging that the debt is non-dischargeable or requesting the revocation of the discharge.

The purpose behind the requirement that a petitioner file a Complaint to Determine the Dischargeability of a Debt is to provide notice to the respondent. Notice is not an issue in this case as Appellee commenced this proceeding. In any event, the Court does not need to decide whether raising a claim of non-dischargeability in a response is procedurally sufficient, because Appellant's argument fails on other grounds.

Appellant claims that the debt is non-dischargeable, or that the discharge should be revoked, because of the fraudulent activity of Appellee. This argument could be brought under one of four statutory provisions (the Court will treat them in the following order for coherence): (1) 11 U.S.C. § 523(a)(3)(A); (2) 11 U.S.C. § 727(d)(1); (3) 11 U.S.C. § 523(c)(1); or (4) 11 U.S.C. § 523(a)(3)(B).

*1.     11 U.S.C. § 523(a)(3)(A)*

The relevant part of the statute states:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt– . . . (3) neither listed nor scheduled . . . with the name . . . of the creditor to whom such debt is owed, in time to permit–(A) if such debt is not of a kind specified in paragraph (2) . . . of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing . . . .

11 U.S.C. § 523(a)(3)(A).

Appellant's argument that the debt is excepted from discharge under § 523(a)(3)(A) fails because, regardless of whether the debt falls under paragraph (2), § 523(a)(3)(A) does not apply to Chapter 7 no-assets, no-bar date cases. *In re Nielsen*, 383 F.3d at 926 ("While section 523(a)(3)(A) makes some otherwise dischargeable debts non-dischargeable if the creditor is not scheduled, that provision does not have that effect in a no-assets, no-bar date Chapter 7 bankruptcy.") No proof of claim can be untimely in Chapter 7 no assets, no-bar date cases because there is no time limit for "timely filing of a proof of claim." *Id*. at 926-27.

The Court therefore affirms the Bankruptcy Court's judgment as to Appellant's argument that the debt is excepted from discharge under § 523(a)(3)(A).

*2.     11 U.S.C. § 727(d)(1)*

The relevant part of the statute states:

> On request of . . . a creditor . . . and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if–(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

11 U.S.C. 727(d)(1).

The argument that the discharge should be revoked under § 727(d)(1) fails because Appellant did not request the revocation within one year after the discharge as required. *See* 11 U.S.C. § 727(e) ("[A] creditor...may request a revocation of a discharge–(1) under subsection (d)(1) of this section within one year after such discharge is granted . . . .").

The Court therefore affirms the Bankruptcy Court's judgment as to Appellant's argument that the discharge should be revoked under § 727(d)(1).

### *3. 11 U.S.C. § 523(c)(1)*

The relevant part of the statute states:

> [T]he debtor shall be discharged from a debt of a kind specified in paragraph (2) . . . of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2) . . . of subsection (a) of this section.

11 U.S.C. 523(c)(1).

The argument that the debt is excepted from discharge under § 523(c)(1) fails because, even if the debt was for money obtained by fraud under § 523(a)(2)(A) ("A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt– . . . (2) for . . . obtained by–(A) false pretenses, a false representation, or actual fraud . . . ."), Appellant did not request a determination from the Court within 60 days after the first date set for the meeting of creditors as required under Federal Rule of Bankruptcy Procedure 4007(c). Specifically:

> [A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002.

Fed. R. Bank. P. 4007(c).

1 | Regarding the 60-day time limit, Appellant argues that she did not receive notice of the first meeting of creditors and therefore could not have made the request within the 60-day time limit. This argument fails because she was aware of the bankruptcy proceeding and of the fact that she was not scheduled; because only scheduled creditors receive notice of the first meeting of creditors, Appellant cannot now use lack of notice as a defense against missing the 60-day time limit. *See Matter of Barnes*, 969 F.2d 526, 528 (7th Cir. 1992). Moreover, Appellant never did properly request a determination of dischargeability; her request was in the form of a response to Appellee's Complaint to Determine the Dischargeability of a Debt, which was filed long after the 60-day time limit.

The Court therefore affirms the Bankruptcy Court's judgment as to Appellant's argument that the debt is excepted from discharge under § 523(c)(1).

### 4. 11 U.S.C. § 523(a)(3)(B)

The relevant part of the statute states:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt– . . . (3) neither listed nor scheduled . . . with the name . . . of the creditor to whom such debt is owed, in time to permit– . . . (B) if such debt is of a kind specified in paragraph (2) . . . of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt . . . unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3)(B). This provision is applicable in Chapter 7 no assets, no bar-date cases because, even though there is no time limit for filing proofs of claim, the time limit for requests for determination of dischargeability, *see* Rule 4007(c), still applies.

In order to persuade the Court, Appellant has to show that the debt was for money obtained by false representation or fraud under § 523(a)(2)(A) and that Appellant had neither

received notice nor obtained actual knowledge of the bankruptcy proceeding in time to file a timely Complaint to Determine the Dischargeability of a Debt.

Regarding the false representation/fraud requirement, the Bankruptcy Court does not expand on why Appellant's arguments were not persuasive. The Ninth Circuit has established five elements that must be satisfied in order to prevail on a claim under §523(a)(2)(A):

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000) (citations omitted). Although it appears to the Court that Appellant has a meritorious argument as to whether Appellee's conduct satisfies these five elements, the Bankruptcy Court's finding of the facts was not clearly erroneous because there are material questions as to whether Appellant's reliance on the Appellee's statements and conduct was justifiable. The Court therefore defers to the Bankruptcy Court's judgment on this issue.

Regarding the notice/actual knowledge requirement, Appellant was clearly aware of the bankruptcy proceeding in question. Appellant could possibly argue that, because the false representation pertained to whether a proof of claim or a Complaint to Determine the Dischargeability of a Debt was necessary, the Court could equitably find that she lacked actual knowledge of Appellee's bankruptcy proceeding. The Court, however, can find no precedent for such an argument. The Court therefore finds that, even assuming, *arguendo*, that Appellant could establish that Appellee's conduct constituted fraud or false representation, Appellee's conduct would not overcome the requirement that Appellant lack actual knowledge of the proceeding. Moreover, the Court finds that the Bankruptcy Court's factual conclusions as to whether Appellant had actual knowledge of the proceeding are not clearly erroneous and therefore defers to the Bankruptcy Court's judgment on this issue.

The Court therefore affirms the Bankruptcy Court's judgment as to Appellant's argument that the debt is excepted from discharge under § 523(a)(3)(B).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Bankruptcy Court's Order (Doc. #6 at 122) is **AFFIRMED**.

DATED this 30th day of June, 2009.

James A. Teilborg
United States District Judge