**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard J. Armenta, | ) | No. 08-1966-PHX-JAT |
| Appellee, | ) | **ORDER** |
| vs. | ) | |
| Priscilla Penera, | ) | |
| Appellant. | ) | |

Pending before the Court is Appellee Richard J. Armenta's ("Appellee") Motion (Doc. #11) for an order awarding him just damages and double costs against Appellant Priscilla Penera ("Appellant") as a sanction for a frivolous Bankruptcy appeal. For the reasons discussed below, the Motion is denied.

**I.    BACKGROUND**

On April 17, 2008, Appellee filed a motion to reopen a 2005 bankruptcy case in order to determine the dischargeability of a debt that was the subject of a judgment obtained by Appellant in the Maricopa County Superior Court for a breach of contract action. (Doc. #6 at 1.) On April 24, 2008, the Bankruptcy Court ordered that the case be reopened. (*Id.* at 3.) On August 20, 2008, Appellee filed a Motion for Summary Judgment alleging that the debt at issue was discharged. (*Id.* at 38.) On August 28, 2008, Appellant filed a cross-motion for summary judgment. (*Id.* at 60.) On October 14, 2008, the Bankruptcy Court granted Appellee's motion for summary judgment. (*Id.* at 122.)

1    On November 18, 2008, Appellant appealed the Bankruptcy Court's decision. (Doc. #10 at 2). On June 30, 2009, the District Court affirmed the Bankruptcy Court's decision. (*Id.* at 9.) On July 10, 2009, Appellee filed a Motion for an Award of Attorney Fees and Costs as a Sanction Against a Frivolous Appeal. (Doc. #11.) On July 20, 2009, Appellant filed a response. (Doc. #12.)

## II.   LEGAL STANDARDS

Appellate courts have discretion to award damages, attorney's fees, and single or double costs as a sanction for bringing a frivolous appeal. Fed. R. App. P. 38;[1] 28 U.S.C. § 1912; *see also McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981). Appellee moves for sanctions under Federal Rule of Bankruptcy Procedure 8020. Rule 8020 allows district courts to impose sanctions for a frivolous appeal of a Bankruptcy Court order. Fed. R. Bankr. P. 8020 ("If a district court or bankruptcy appellate panel determines that an appeal from an order . . . of a bankruptcy judge is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee."). An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit. *McConnell*, 661 F.2d at 118.

## III.  ANALYSIS

*Ms. Penera's Arguments of Error Were not Wholly Without Merit and the Result of the Appeal was not Obvious.*

Appellee argues that the claims in Ms. Penera's appeal were unsupported and groundless. (Doc. #11 at 3.) In the appeal, Ms. Penera argued that the Bankruptcy Court erred in (1) reopening Appellee's case to add a creditor; (2) refusing to consider the fraudulent issues presented relating to Appellee's bankruptcies; and (3) granting Appellee's Motion for Summary Judgment rather than determining the debt at issue to be an exception to

---

[1] *See* Fed. R. Bankr. P. 8020 advisory committee's notes (Rule 8020 was amended in 1997 so that it conformed to the language of Fed. R. App. P. 38, thereby recognizing "that the authority to award damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts.")

dischargeability. (Doc. #2 at 2.) Logically, because a motion for sanctions looks at whether the appeal as a whole has an obvious result or wholly lacks merit, it is sufficient if at least one argument asserted by Ms. Penera has merit. Therefore, the Court declines to analyze Ms. Penera's first two arguments.

Ms. Penera's third claim was that the Bankruptcy Court erred in finding that none of the debt owed to her qualified as an exception to discharge. To analyze this claim, the Court looked at multiple statutory provisions, including 11 USC § 523(a)(3)(B). The relevant part of the statute states:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt– . . . (3) neither listed nor scheduled . . . with the name . . . of the creditor to whom such debt is owed, in time to permit– . . . (B) if such debt is of a kind specified in paragraph (2) . . . of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt . . . unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3)(B). To succeed on a motion for sanctions for bringing a frivolous appeal, the result must be obvious or the argument pertaining to § 523 must be wholly without merit. To meet the requirements for an exception to discharge under § 523, the plaintiff must show that (1) the debt was for money obtained by false representation or fraud under § 523 (a)(2)(A) and (2) plaintiff did not obtain actual knowledge of the bankruptcy proceeding.

Even though the Court deferred to the Bankruptcy Court's judgment on the § 523 issues, Appellant made valid points regarding fraud. The cases cited by Appellee do not support a claim of frivolity in relation to § 523. In *McConnell*, the appeal did not contain any argument explaining why reversal was appropriate. 661 F.2d at 118. The court held the appeal was frivolous and reasoned that the absence of an argument was proof that the Appellee knew the appeal was frivolous. *Id.* As stated previously by this Court, however, this appeal

contained an argument explaining why reversal was appropriate, and the Court pointed out that the argument "appeared meritorious." (Doc. #10 at 8.) Therefore, the Court declines to find Appellant's argument frivolous or unmeritorious.

Although ultimately the Court did not agree with her, Ms. Penera made meritorious and plausible arguments regarding the non-dischargeability of her debt. The Court does not find that the outcome of the appeal was obvious or that Ms. Penera's arguments were wholly without merit. Based on the applicable standards, the Court will not impose sanctions for good faith, albeit unsuccessful, bankruptcy appeals.

## IV. CONCLUSION

Accordingly,

**It is ordered** that Appellee's Motion for an Award of Attorney Fees and Costs as a Sanction Against a Frivolous Appeal (Doc. #11) is **DENIED**.

DATED this 23rd day of September, 2009.

James A. Teilborg
United States District Judge